## O. P. HELLER ET AL. v. ELIZ. E. PETERS.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF PIKE COUNTY.

Argued February 25, 1891—Decided March 9, 1891.

1. Where the plaintiff in ejectment claimed title under deeds to his ancestor alleged to have been lost unrecorded, and no effort made to find and produce them was disclosed, evidence of the contents of the deeds was inadmissible.

2. In such case, evidence that the ancestor had a mill near the land in dispute, and for twenty years or more when he wanted a stick of timber went upon the land and got it, was insufficient to prove actual possession by him.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 59 January Term 1891, Sup. Ct.; court below, No. 7 March Term 1887, C. P.

Oliver P. Heller and Mary J. Heller, his wife, to the use of Mary J. Heller, brought ejectment against Elizabeth E. Peters, for a lot of about sixteen acres of ground in Lehman township. Issue.

Opinion of Court below.

On October 16, 1888, the plaintiffs claimed to show title under warrant dated August 9, 1793, to Manuel Hoover, and survey to Hoover for 327 acres and 136 perches, returned June 22, 1797; sale for taxes by Oliver H. Dimmock, county treasurer, to William J. Troch, June 15, 1830, the deed unrecorded and lost; deed, William J. Troch to Anthony Van Etten dated February 21, 1831, unrecorded and lost; deed, Anthony Van Etten to Michael Heller, for 150 acres, dated June 1, 1833, unrecorded and lost; and recitals in deed, Michael Heller to Barnabus Mooney, for 39 acres and 11 perches, dated January 22, 1850. There was evidence that Michael Heller died insolvent in 1853, and that on November 6, 1879, the heirs at law of Michael Heller joined in a deed conveying all their right, title and interest in the lot in dispute to Mary J. Heller, the beneficial plaintiff.

At the close of the plaintiffs' case, on motion, the court, SEELY, P. J., entered judgment of nonsuit, with leave, etc.

A rule to take off the judgment of nonsuit having been argued, the court, SEELY, P. J., on January 15, 1890, filed the following opinion:

That the plaintiff has failed to establish a paper title to the premises in controversy, must be conceded.

Of the three deeds by which the title is alleged to have vested in Michael Heller, the ancestor of plaintiffs' grantors, not one of them is proven. So far as the evidence discloses, no effort has been made to find or produce the alleged deed from the treasurer of Pike county to Wm. J. Troch, or that from Troch to Anthony Van Etten, or the deed from Van Etten to Michael Heller. The only evidence of such an inquiry is that of Oliver P. Heller, plaintiff, as follows:

" Q. Have you made inquiries for that deed ? "—that is, the deed from Anthony Van Etten to Michael Heller. " A. I have, yes sir. Q. Of whom did you inquire for it? A. I asked Mr. Runyon about it; I don't know as I ever asked anybody for it."

Mr. Runyon is the son-in-law of Barnabus Mooney, who is alleged to have been in possession of the deed. Mr. Mooney is dead, but his children live just across the Delaware river from Pike county, in the adjoining county of Sussex, New

Jersey. Which of them had possession of the father's papers is not shown. No effort was made to ascertain. Nor does it appear that the inquiry of Mr. Runyon led or was intended to lead to any search, or even that Mr. Runyon did or did not know where the papers were. So far as the evidence discloses, he may have had them in his own possession. Certainly, something more than this was required to lay ground for the further admission of secondary evidence of the contents of this and the other deeds. And the recitals in the deed to Barnabus Mooney cannot be admitted to affect the defendant. Looking over this case, it seems doubtful if the deed to Mooney was properly admissible in evidence for any purpose.

But then, the plaintiff argues that when long continued possession of property is shown, the law will supply a missing link in the title by presuming a grant. This rule of law is well enough in its place, but it was not intended to relieve a party from all effort to produce the papers evidencing an actual grant, which are alleged to exist, and it arises only in cases of clear, actual possession of the land. It is also a correct rule, as argued by the plaintiff, that one claiming by descent or devise, may rest upon the fact that the ancestor or devisor died in the actual possession of the premises. But it must be an actual possession, evidenced by such acts and control as would present a basis for a presumption of grant of title. The character of such a possession and of the evidence to prove it, is shown in such cases as Burk v. Hammond, 76 Pa. 172.

What is the evidence upon which this claim of possession in the ancestor is based? First we have the testimony of Jno. D. Heller: " Q. What did your father do on this tract? A. Why he drawed some lumber off from it; he had a mill above, and when he wanted a stick off from it, he went and drawed it off." This for twenty years or more. The saw mill was located on another tract. Oliver P. Heller, the plaintiff, testified: " Q. What did your grandfather do on that tract? A. He cut logs on it and drawed them up to the mill." These are the plaintiff's witnesses, members of the same family, one of them plaintiff on the record. It is reasonable to presume that they have withheld nothing which would strengthen the evidence of possession, and their evidence proves the occasional cutting of a stick of timber on this tract, and nothing more. Did Mich-

Opinion of the Court.

ael Heller pay the taxes on this tract? Did he ever undertake to clear up any portion of it? Did he ever even lumber on it beyond the taking of an occasional stick of timber? Or exercise upon it any other clear, unambiguous act of ownership? We are not informed. It does seem to us that this evidence is too slight to form a basis for the claim of seisin in Michael Heller, and that under the evidence we had nothing to submit to the jury. . . . .

The plaintiff had no evidence of title to be submitted to a jury, and judgment of nonsuit necessarily was ordered. Exception.

—Thereupon the plaintiffs took this appeal, assigning the entry of the judgment of nonsuit, and the refusal to vacate said judgment, for error.

*Mr. Charlton Burnett* (with him *Mr. J. H. Van Etten*), for the appellants.

Counsel cited: Ralph v. Brown, 3 W. & S. 395; Hastings v. Wagner, 7 W. & S. 215; Fox v. Thompson, 31 Pa. 172; Smyth v. Craig, 3 W. & S. 18; Shumway v. Phillips, 22 Pa. 151; Turner v. Reynolds, 23 Pa. 199; Woods v. Lane, 2 S. & R. 57.

*Mr. C. W. Bull* (with him *Mr. D. M. Van Auken*), for the appellee.

Counsel cited: Kaul v. Lawrence, 73 Pa. 410; Schrack v. Zubler, 34 Pa. 38; Bonaffon v. Peters, 134 Pa. 180; Rifener v. Bowman, 53 Pa. 313; Hole v. Rittenhouse, 37 Pa. 116; Ament v. Wolf, 33 Pa. 331; Muhlenberg v. Druckenmiller, 103 Pa. 631; Hastings v. Wagner, 7 W. & S. 219.

PER CURIAM:

This judgment is affirmed upon the opinion of the learned judge of the court below upon the motion to take off the nonsuit.

Judgment affirmed.

On April 13, 1891, a motion for re-argument was refused.